08 CV 4753

JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATIBA TUCKER,

                         Plaintiff,

    -against-

                                        COMPLAINT

THE CITY OF NEW YORK; POLICE OFFICER
GEORGE ACUNA, Shield No. 7839; SGT        JURY TRIAL DEMANDED
MICHAEL MILMORE; and John Does and Richard)
Roes,                                      ECF CASE

                        Defendants.
------------------------------------------------------------X

RECEIVED MAY 21 2008 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff ATIBA TUCKER seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, compensatory, punitive, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Motion, Index Number 116899/07, in the County of the Bronx in the State of New York requesting permission to file a late Notice of Claim.

7. The Motion was granted on February 22, 2008 by Hon. Larry Schachner, and entered on March 11, 2008. The Notice of Claim was filed with the Comptroller of the City of New York on March 9, 2008. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

8. Plaintiff ATIBA TUCKER is a citizen and resident of the United States and at all times relevant herein was a resident of the State of New York, County of Orange.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, the employees for both of which act as its agents in the area of law

enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and department of corrections, and the employment of police officers and corrections officers, as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10. Defendants, GEORGE ACUNA, Shield No. 7839, SGT MICHAEL MILMORE, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants GEORGE ACUNA, Shield No. 7839, SGT MICHAEL MILMORE, and JOHN DOES are sued individually.

11. Defendants SGT MICHAEL MILMORE and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and

with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants SGT MICHAEL MILMORE and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

12. On February 23, 2007 in the early afternoon, Plaintiff ATIBA TUCKER was driving in the County of the Bronx.

13. Mr. Tucker stopped to meet an acquaintance of his, and that acquaintance and another individual got into his vehicle.

14. These individuals pointed a gun at Mr. Tucker's head and maced him, and told him to get into the back seat.

15. The individuals drove off in Mr. Tucker's car with him in riding in the back seat as a captive.

16. Mr. Tucker shortly thereafter noticed an opportunity to escape and jumped out of the moving automobile.

17. As Mr. Tucker hit the concrete, he suffered an acute fracture of his right wrist.

18. Mr. Tucker then proceeded to run down the street in an attempt to flee his captives.

19. During this route to escape, Mr. Tucker injured his left ankle.

20. After a few blocks, Plaintiff entered the back yard of 4141 Harper Avenue in the Bronx County.

21. Mr. Tucker attempted to get help from the occupants of 4141 Harper Avenue by banging on the door with his left hand and loudly stating, in sum and substance, "call the police – they're

trying to kill me."

22.    Mr. Tucker waited outside, on the back porch, for the police to come.

23.    Police arrived at the home. The officers approached Mr. Tucker with their weapons drawn.

24.    Mr. Tucker immediately informed the officers his wrist was severely broken and the bone was visibly displaced, and that he should not be handcuffed for that reason.

25.    Police officers then forced Mr. Tucker down onto his chest and handcuffed him with extreme tightness. Mr. Tucker was screaming in pain from the handcuffs against his broken and displaced wrist bone.

23.    The police officers pulled Mr. Tucker up from his chest-to-the-ground position by the handcuffs despite Mr. Tucker's repeated warning that his wrist was broken and that he was in extreme pain. At this point the pain was unbearable.

24.    Then, police walked Mr. Tucker to the garage of the residential home and sat Mr. Tucker on the floor, with his arms handcuffed behind him. The position caused a significant amount of weight to be placed on his broken wrist, which further caused him great pain.

25.    Mr. Tucker overheard one officer telling another officer the "kid has a broken wrist."

26.    Mr. Tucker repeatedly asked for an ambulance and to go immediately to the hospital. An officer responded by saying there will be an ambulance at the precinct. No ambulance was provided at the location of Mr. Tucker's arrest.

27.    Mr. Tucker was then placed in the back of an NYPD car, still handcuffed, and taken to the 47th Precinct.

28.    At the precinct, an officer asked him if he "really needs medical attention."

29. Mr. Tucker, unable to bear the pain any longer, collapsed on the precinct floor.

30. Officers finally allowed Mr. Tucker to get into an ambulance. Still handcuffed on his broken wrist, Mr. Tucker was taken to Lady of Mercy hospital where he underwent surgery for his wrist.

31. On February 26, 2007, Mr. Tucker was released from and escorted out of the hospital in handcuffs and foot shackles. That evening, Mr. Tucker was arraigned in night court and released on his own recognizance.

32. Mr. Tucker was charged with a violation of Penal Law § 140.2(2), Burglary in the Second Degree, Penal Law § 140.20, Burglary in the Third Degree, Penal Law § 140.15, Criminal Trespass in the Second Degree and Penal Law § 145.00(1), Criminal Mischief in the Fourth Degree.

33. Mr. Tucker retained private counsel to represent him.

34. On April 30, 2007, the People dismissed counts one and two. All other counts were retained.

35. On July 27, 2007, the Mr. Tucker received an Adjournment in Contemplation for Dismissal and paid in full $300 and a 5% surcharge for the broken window.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37. By their conduct and actions in falsely arresting, abusing process against, maliciously prosecuting, assaulting and battering, violating rights to equal protection under law of, violating

the substantive due process rights of, violating the right to a fair trial of, failing to provide proper medical care for, inflicting emotional distress upon, and failing to intercede on behalf of, Plaintiff, defendants GEORGE ACUNA, Shield No. 7839; SGT MICHAEL MILMORE and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

38. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers SGT MICHAEL MILMORE and RICHARD ROES caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth Amendments.

41. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM
### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

42. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of intentionally and/or with deliberate indifference handcuffing arrestees with excessive tightness, without concern for the pain and injury caused thereby. These

policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM
### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

47. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48. The conduct of defendants, GEORGE ACUNA, Shield No. 7839; SGT MICHAEL MILMORE, DOES and ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

49. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM
### ASSAULT AND BATTERY

50.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51.  By the actions described above, defendants did inflict assault and battery upon Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52.  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM
## FALSE ARREST and FALSE IMPRISONMENT

53.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54.  By the actions described above, defendants caused to be falsely arrested or falsely arrested Plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55.  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM
## ABUSE OF PROCESS

56. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57. By the conduct and actions described above, defendants employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm Plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

58. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### EIGHTH CLAIM
### MALICIOUS PROSECUTION

59. The Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60. By the actions described above, defendants maliciously prosecuted Plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM
## INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

62.    The Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63.    By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM
## VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

65.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

66.    By the actions described above, defendants violated Plaintiff's right to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM
### NEGLIGENCE

68. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

69. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

71. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised, and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
May 20, 2008

                                Respectfully Submitted,

By: _____/S/_____
JEFFREY A. ROTHMAN, Esq.
(JR-0398)
315 Broadway, Suite 200
New York, NY 10007
t: 212 - 227 - 2980
Attorney for Plaintiff

and;

By:_____
DAVID B. RANKIN, Esq.
(DR - 0863)
350 Broadway, Suite 700
New York, NY 10013
t: 212 - 226 – 4506
Attorney for Plaintiff